Tilghman C. J.
(After stating the case.) The defendants now contend, that the Orphan’s Court having decided in a case within their jurisdiction, their decree-is conclusive, unless reversed on an appeal to this Court. Whether such settlement would have been conclusive, if it had been made before the commencement of this action, it is unnecessary to consider. I choose rather to confine myself to the case before us. Now, the act of 21st March, 1792, having given jurisdiction to the Court of Common Pleas in cases of legacies, with full power to investigate the accounts of the testator’s estate, it follows, that the Court has authority to proceed to the end of the business; and their jurisdiction having once attached, no' other Court can by a proceeding, commenced subsequently, deprive them of it, or, (what is substantially the same,) preclude them from the trial of all facts, which must necessarily be decided before it can be, known, whether the plaintiff is entitled to recover his legacy. There is nothing in the act of 4th April, 1797, shewing an intent to intrench on the jurisdiction given to the Court of Common Pleas by the act of 21st March, 1772. The provisions of the two acts are perfectly consistent, and a construction which should make them clash, would produce great inconveniences. I am, therefore, of opinion, that the Court of Common Pleas decided rightly, and their judgment should be affirmed.
Ye ates J.
The plaintiffs below, as administrators of Conrad Miller, the son, brought an action of account render against the executors of QonradMiller, the father, to recover his distributive share of the residue of his father’s estate, devised to him, returnable to April term, 1806. Previous thereto, on the 13th June, 1783, Daniel Miller, as acting executor of the father, settled his administration account, and pending this suit, in the absence of the plaintiff below, and without notice to them, on the 19th December, 1809, settled another *520 account in the register’s office, wherein he obtained credit for 2261 dollars 54 cents, as paid to Jacob Miller, which, on the 13th February, 1810, was approved of by the Orphans’ Court of Cumberland county. Upon the trial of an issue duly taken on this item of Credit, the executors of the surviving execu-. tor tbe father, contended that the decree of the Orphans’ Court was conclusive as to the matter in question, and could be re-examined and revised in no other mode than by appeal. The Court of Common Pleas over-ruled the objection, and directed the jury that they were not precluded from considering the apparent nullity of the voucher upon which the credit was allowed.
I cannot bring myself to doubt for a singíe moment the propriety of receiving the evidence offered to prove mistake or error as to this credit. It is perfectly clear, that a legatee may commence his suit for the recovery of his legacy, and recover the same in the Court of Common Pleas, under the act of assembly of 21st March, 1772, and that a Court of law cannot be ousted of its jurisdiction when it has once attached. The act of 4th April, 1797, contains a-highly proper provision, that the register of the proper county shall give public notice at least thirty days prior to the confirmation and allowance of the account of the executor, administrator, or guardian, in the Orphan’s Court, and that, without it, no such account shall be confirmed and allowed by the said Court; but I believe no instance can be produced, wherein legatees, creditors, or other persons, interested in the settlement, whd have had no opportunity of contesting the same, have been held to be concluded thereby, although they could give the clearest proof of plain mistakes and errors therein. On this general question, however, I would not be understood to give a decided opinion.' My sentiments, in this case, have been formed on the ground of the jurisdiction having first attached in the Court wherein the suit for the legacy was instituted.
I am of opinion the judgment of the Court of Common Pleas should be affirmed.
Gibson J.
It is unnecessary to decide, whether a decree of the Orphans’ Court, confirming a final administration account, is conclusive upon the parties in a suit brought by a residuary legatee against executors. The account settled by Daniel Miller on the 13th June.t 1783, purports to be final. The *521 decree confirming it is final. The Court fully exercised and exhausted all its power oh the subject. If an-error existed, it could be corrected, if at all, by the Orphan’s Court only, on a petition or citation to review. But it was not competent to that Court without a suggestion of error or mistake, to settle and decree the confirmation of a second and different account exhibited by the same person. I am so far from deeming the account of the 13th February, 1810, as conclusive in this cause, that I consider it as an absolute nullity, because emanating from a Court having no jurisdiction over the subject matter, except byway of review. This, therefore, being the only point before the Court below, I concur in affirming the judgment, as well on the ground I have stated, as for the reasons already given' by my brethren.
Judgment affirmed.